# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| NORTHSTAR SYSTEMS LLC, | § | Case No. 2:22-cv-00486-JRG |
| | § | |
| Plaintiff, | § | **JURY TRIAL DEMANDED** |
| | § | |
| v. | § | ████████████████████ |
| | § | |
| VOLKSWAGEN AG, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**PLAINTIFF NORTHSTAR SYSTEMS LLC'S RESPONSE IN OPPOSITION TO DEFENDANT VOLKSWAGEN AG'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6) OR, IN THE ALTERNATIVE, TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a) (DKT. 11)**

## <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

I.   RESPONSE TO STATEMENT OF ISSUES TO BE DECIDED ..................................... 1

II.   INTRODUCTION ..................................................................... 1

III.   BACKGROUND ..................................................................... 4

    A.   Procedural Background .......................................................... 4

IV.   LEGAL STANDARDS ............................................................... 4

    A.   Failure to State a Claim Pursuant to Rule 12(b)(6) ................................. 4

    B.   Transfer Pursuant to 28 U.S.C. § 1404(a) ......................................... 6

V.   ARGUMENT ....................................................................... 7

    A.   The Complaint Should not be Dismissed for Failure to State a Claim ................. 7

        1.   The Complaint Alleges Acts of Direct Infringement by VWAG .............. 7

        2.   The Complaint Alleges Acts of Indirect Infringement by VWAG ........... 10

    B.   The Case Should Not be Transferred Pursuant to 28 U.S.C. § 1404(a) .............. 15

        1.   VWAG has Failed to Comply with Local Rule CV-7(h) ...................... 15

        2.   The Private Interest Factors Weigh Against Transfer............................... 16

            a.   Relative Ease of Access to Sources of Proof Weigh Against Transfer..................................................................... 16

            b.   Availability of Compulsory Process to Secure the Attendance of Witnesses Does Not Favor Transfer..................... 19

            c.   The Cost of Attendance for Willing Witnesses Does Not Favor Transfer.................................................................. 20

            d.   All Other Practical Problems ......................................... 21

        3.   The Public Interest Factors Weigh Against Transfer............................... 22

            a.   The Administrative Difficulties Flowing From Court Congestion Weigh Against Transfer............................................. 22

            b.   The Local-Interest Factor Weighs Against Transfer ................... 23

c.     The Choice-of-Law Factors Weigh Against Transfer .................. 24

VI.     CONCLUSION.............................................................................................................. 24

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AGIS Software Dev. LLC v. Apple Inc.*,
   No. 2:17-CV-00516-JRG, 2018 WL 2721826 (E.D. Tex. June 6, 2018) .........................7, 8, 9

*AGIS Software Dev. LLC v. Huawei Device USA Inc.*,
   No. 2:17-CV-00513-JRG, 2018 WL 2329752 (E.D. Tex. May 23, 2018) .............................16

*AGIS Software Development LLC v. LG Electronics, Inc.*,
   Case No. 2:17-cv-00515 (Dkt. 1)......................................................................................18, 20

*Alacritech Inc. v. CenturyLink, Inc.*,
   No. 2:16-CV-00693-RWS-RSP, 2017 WL 4230582 (E.D. Tex. Sept. 4, 2017) ....................13

*Aloft Media, LLC v. Adobe Sys.*,
   No. 6:07-CV-355, 2008 WL 819956 (E.D. Tex. Mar. 25, 2008) .........................................6, 7

*In re Apple Inc.*,
   No. 2018-151, Dkt. 20 (Fed. Cir. Oct. 16, 2018).....................................................................6

*Arigna Technology Limited v. Bayerische Motoren Werke AG, et al.*,
   Case No 2:21-CV-00172 (Dkt. 200)........................................................................................2

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).............................................................................................................4, 5

*In re Bill of Lading*,
   681 F.3d at 1345–46 ..............................................................................................................13

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012)..................................................................................4, 5, 8, 12

*BillJCo, LLC v. Apple Inc.*,
   583 F. Supp. 3d 769 (W.D. Tex. 2022).............................................................................10, 14

*Blitzsafe Texas, LLC v. Honda Motor Co., Ltd., et al.*,
   Case No. 2:25-CV-01274..........................................................................................................2

*Blitzsafe Texas LLC v. Honda Motor Co., Ltd., et al.*,
   No. 2:15-CV-01274-JRG-RSP, Dkt. 362-2 ...........................................................................19

*Blitzsafe Texas, LLC v. Volkswagen Group of America, Inc., et al.*,
Case No. 2:15-CV-01278 .......................................................................................2, 18, 20

*Core Wireless Licensing, S.A.R.L. v. Apple Inc.*,
No. 2:19-CV-00118-JRG, 2013 WL 682849 (E.D. Tex. Feb. 22, 2013) ...................................6

*CXT Sys., Inc. v. Container Store, Inc.*,
No. 2:18-CV-00173-RWS-RSP, 2019 WL 1506015 (E.D. Tex. Apr. 5, 2019) .....................6

*Def. Distributed v. Bruck*,
30 F.4th 414 (5th Cir. 2022) .................................................................................16, 17, 19

*Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*,
No. 2:15-CV-1202-WCB, 2016 WL 1643315 (E.D. Tex. Apr. 26, 2016) ............................12

*Estech Sys., Inc. v. Target Corp.*,
No. 2:20-CV-123-JRG-RSP, 2020 WL 6496425 (E.D. Tex. Aug. 10, 2020) ......................13

*Hammers v. Mayea-Chang*,
No. 2:19-CV-00181-JRG, 2019 WL 6728446 (E.D. Tex. Dec. 11, 2019) ............................17

*In re Juniper Networks, Inc.*,
14 F.4th 1313 (Fed. Cir. 2021) .............................................................................................23

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
714 F.3d 1277 (Fed. Cir. 2013).............................................................................................8

*Lochner Techs., LLC v. AT Labs Inc.*,
No. 2:11-CV-242-JRG, 2012 WL 2595288 (E.D. Tex. July 5, 2012).............................12, 13

*Longhorn HD LLC. v. Juniper Networks, Inc.*,
No. 2:21-CV-00099-JRG, 2021 WL 4243382 (E.D. Tex. Sept. 16, 2021) ......................22, 23

*Lormand v. US Unwired, Inc.*,
565 F.3d 228 (5th Cir. 2009) ...................................................................................................5

*Merial Ltd. v. Cipla Ltd.*,
681 F.3d 1283 (Fed. Cir. 2012)..............................................................................................11

*In re Microsoft Corp.*,
630 F.3d 1361 (Fed. Cir. 2011) (*per curiam*) ........................................................................23

*Motion Imagery Techs. v. Brain Damage Films*,
No. 2:11-CV-414-JRG, 2012 WL 3283371 (E.D. Tex. Aug. 10, 2012)...................................12

*Motiva Pats., LLC v. Sony Corp.*,
No. 9:18-CV-00180-JRG-KFG, 2019 WL 4737051 (E.D. Tex. Sept. 27, 2019) ....................5

*Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*,
  No. 6:11-CV-495-LED-JDL, 2013 WL 12138894 (E.D. Tex. Nov. 21, 2013).....................13

*NorthStar Systems LLC v. Bayerische Motoren Werke AG*,
  No. 2-22-CV-00496 (EDTX) .................................................................................................21

*O'Daniel v. Indus. Serv. Sols.*,
  922 F.3d 299 (5th Cir. 2019) .................................................................................................4

*Opticurrent, LLC v. Power Integrations, Inc.*,
  No. 2:16-CV-235-JRG, 2016 WL 9275395 (E.D. Tex. Oct. 19, 2016)..................................12

*Pat. Harbor, LLC v. DreamWorks Animation SKG, Inc.*,
  No. 6:11-CV-220, 2012 WL 9864381 (E.D. Tex. July 27, 2012) ...........................................5

*Peloton Interactive, Inc. v. Flywheel Sports, Inc.*,
  No. 2:18-CV-00390, 2019 WL 2303034 (E.D. Tex. May 30, 2019)......................................22

*In re Planned Parenthood Fed'n of Am., Inc.*,
  52 F.4th (5th Cir. 2022) ...................................................................................16, 17, 19

*Quest NetTech Corp. v. Apple, Inc.*,
  No. 2:19-CV-00118-JRG, 2019 WL 6344267 (E.D. Tex. Nov. 27, 2019).............................6

*In re Radmax, Ltd.*,
  720 F.3d 285 (5th Cir. 2013) .................................................................................................16

*Right Question, LLC v. Samsung Elecs. Co., Ltd.*,
  No. 2:21-CV-00238-JRG, 2022 WL 507487 (E.D. Tex. Feb. 18, 2022) ...............................13

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*,
  170 F. Supp. 3d 928 (E.D. Tex. 2016)....................................................................................4

*Semcon IP Inc. v. Kyocera Corp.*,
  No. 2:18-CV-00197-JRG, 2019 WL 1979930 (E.D. Tex. May 3, 2019) ..........................12, 14

*SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance*
  *Com. Mortg. Pass-Through Certificates, Series*
  *2007-3*, 881 F.3d 933 (5th Cir. 2018), *cert. denied sub nom. SGK Props.,*
  *L.L.C. v. U.S. Bank Nat. Ass'n*, 139 S. Ct. 274 (2018) .........................................................10

*Stragent LLC v. Audi AG*,
  No. 6:10-CV-227-LED-JDL, 2011 WL 2912907 (E.D. Tex. July 18, 2011).....................20, 21

*Ultravision Techs., LLC v. Govision, LLC*,
  No. 2:18-CV-00100JRG-RSP-CONS, 2020 WL 896767 (E.D. Tex. Feb. 24,
  2020) ..............................................................................................................................13, 14

*Utterback v. Trustmark Nat'l Bank*,
    716 F. App'x 241 (5th Cir. 2017) ............................................................16

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) ............................................................6, 7

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ............................................................7, 16

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.*,
    824 F.3d 1344 (Fed. Cir. 2016)............................................................10, 14

**Statutes**

28 U.S.C. § 1404(a) ............................................................1, 6, 7, 15

35 U.S.C. § 271(a) ............................................................8

NorthStar Systems LLC ("NorthStar" or "Plaintiff") files this response to Defendant Volkswagen AG's ("VWAG" or "Defendant") motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, transfer venue to the Eastern District of Michigan ("EDMI") pursuant to 28 U.S.C. § 1404(a) (Dkt. 11) (the "Motion").  The Motion should be denied as to both sets of relief requested.  VWAG has failed to demonstrate that NorthStar has not sufficiently pled direct and/or indirect infringement of the Patents-in-Suit. VWAG has similarly failed to show that the EDMI is clearly more convenient for party witnesses and non-party witnesses, and VWAG has not demonstrated that other relevant factors weigh in favor of transfer. Furthermore, VWAG failed to confer with NorthStar's counsel regarding the motion to transfer aspect of the Motion, in violation of Local Rule CV-7(h).  For this reason alone, as well as for the reasons above, VWAG's request to transfer venue should be denied.

## I.    RESPONSE TO STATEMENT OF ISSUES TO BE DECIDED

1.    NorthStar's Complaint against VWAG should not be dismissed pursuant to Rule 12(b)(6) because NorthStar has sufficiently pled facts to maintain claims of direct and indirect infringement against VWAG.

2.    The case should not be transferred to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a) because VWAG has failed to sufficiently identify witnesses and documents in Michigan that would warrant transfer, and because the private and public interest factors weigh in favor of keeping the case in the Eastern District of Texas.

## II.    INTRODUCTION

The entirety the Motion is nothing more than a poorly veiled attempt by VWAG to conflate itself with Volkswagen Group of America ("VWGoA") for all activities of VWAG in the United States.  VWAG themes its motion as a "*TC Heartland*" motion, but that caselaw is irrelevant as VWAG is a foreign company that may be sued in any U.S. District including the Eastern District

of Texas.  NorthStar is well within its rights to pursue relief from this Court for infringement by foreign actors.[1]  German automotive makers, such as VWAG, design and build vehicles that are tested and sold in the United States.  Moreover, VWAG will likely have most, if not all of its relevant documents and witnesses located in Germany.[2]  VWAG should not be able to dodge infringement by pointing to its U.S. Subsidiaries.

VWAG's classification of NorthStar's decision to sue VWAG in the Eastern District of Texas ("EDTX") as "fatal" is completely misplaced, as NorthStar is at home in this District, and VWAG is subject to suit in any District Court in the United States as a foreign entity doing business in the country.  VWAG states that NorthStar suing a foreign entity that **admits** to selling Volkswagen vehicles to a United States entity is a misstep, whereas the law states the opposite.  Moreover, VWAG claims NorthStar relies on materials that are attributed to VWGoA (*e.g.*, Quick Start Guides).  However, it is likely that these Quick Start Guides are authored in Germany by VWAG, not in the United states.[3]

VWAG's 12(b)(6) argument is incorrectly premised on an assumption that it can avoid liability for direct and indirect infringement by pointing to its U.S. subsidiaries.  Regarding direct infringement, NorthStar has alleged at least that VWAG has performed the methods of the claims

---

[1] For example, in *Arigna v. BMW*, the Court set forth the possibility of pursuing independent actions against Foreign and Domestic auto makers for Patent infringement.  *See Arigna Technology Limited v. Bayerische Motoren Werke AG, et al.*, Case No 2:21-CV-00172 (E.D.T.X.) (Dkt. 200).

[2] *See Blitzsafe Texas, LLC v. Volkswagen Group of America, Inc., et al*., Case No. 2:15-CV-01278 (E.D.T.X.); *see also Blitzsafe Texas, LLC v. Honda Motor Co., Ltd., et al.*, Case No. 2:25-CV-01274 (E.D.T.X.) (Dkt. 362-2 at 1.).

[3] For example, the content of the Quick Start Guide appears to be identical to Quick Start Guides from other regions.  This appears to indicate that the Quick Start Guides are authored somewhere else by a parent entity, such as VWAG.

in the United States.  *See* Dkt. 1 at ¶¶ 13-15, 21, 33, 45, 54.  For example, it is plausible, if not highly likely, that VWAG has caused its employees, engineers, or other agents in the United States to test the navigation systems of its vehicles.  Regarding indirect infringement, NorthStar has alleged that users of the accused vehicles in the United States directly infringe the claims by using the vehicles, and that VWAG is responsible for inducing that infringement.  *Id.* at ¶¶ 24-26, 36-38, 46-48, 56-58, 66-68.

Regarding transfer, VWAG's Motion lacks evidentiary support and this case should not be transferred to the EDMI.  VWAG has not identified a single witness of its own, or even of VWGoA, by name, let alone any witnesses for whom transfer would be more convenient. NorthStar has been doing business in the Eastern District of Texas long before the filing of this suit.  NorthStar's documents are located in the Eastern District of Texas.  NorthStar's witnesses either live and work in the Eastern District of Texas or travel to the Eastern District of Texas for business.  NorthStar does not have any connection to the EDMI.  Furthermore, there are numerous third parties in the Eastern District of Texas that have relevant information and that are not within the subpoena power of the EDMI.  VWAG is a foreign company with its documents and witnesses likely located in Germany.  The Motion and supporting declaration are replete with conclusory statements, and VWAG fails to specifically identify by name what witnesses and what documents are located in the EDMI, in contravention to the standing case law of this Court.  The private and public factors weigh against transfer and VWAG's motion should be denied.  Further, VWAG has also not complied with Local Rule CV-7(h) by failing to meet and confer with NorthStar's counsel regarding the transfer aspect of its motion.  For this additional and independent reason, VWAG's motion should be denied.

### III.    BACKGROUND

#### A.    Procedural Background

NorthStar filed its Complaint in this matter on December 22, 2022, alleging infringement of U.S. Patent Nos. 6,898,432 (the "'432 Patent"), 8,014,943 (the "'843 Patent"), 8,032,297 (the "'297 Patent"), 8,478,527 (the "527 Patent"), and 8,805,416 (the "416 Patent") (collectively, the "Patents-in-Suit").  *See* Dkt. 1.  On May 30, 2023, VWAG filed the present Motion.  *See* Dkts. 11 and 20 (the "Motion").

### IV.    LEGAL STANDARDS

#### A.    Failure to State a Claim Pursuant to Rule 12(b)(6)

The question on a Rule 12(b)(6) motion to dismiss is not whether the plaintiff will prevail on its claims, "but whether [the] complaint was sufficient to cross the federal court's threshold." *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (citing *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)).  The Court must "accept all well-pleaded facts [in the complaint] as true and view the facts in the light most favorable to the plaintiff."  *O'Daniel v. Indus. Serv. Sols*., 922 F.3d 299, 304 (5th Cir. 2019) (citation omitted).  After viewing the facts most favorably to the plaintiff, "the court must then decide whether those facts state a claim for relief that is plausible on its face."  *Script*, 170 F. Supp. 3d at 935 (citation omitted).  The plausibility standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *accord id*. at 559, (explaining that claims should only be dismissed at the pleading stage when there is "no 'reasonably founded hope that the [discovery] process will reveal relevant evidence'" (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005))); *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) ("As the Supreme Court has explained, the plausibility requirement is not akin to a 'probability requirement at the pleading

stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." (quoting *Twombly*, 550 U.S. at 556)). Courts "are not authorized or required to determine whether the plaintiff's plausible inference . . . is equally or more plausible than other competing inferences." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009) (citing *Twombly*, 550 U.S. at 556).   "[W]here the relevant information is beyond the access of the plaintiff, courts should generally permit discovery to proceed unless the complaint recites no more than sheer speculation about the plaintiff's entitlement to relief." *Motiva Pats., LLC v. Sony Corp.*, No. 9:18-CV-00180-JRG-KFG, 2019 WL 4737051, at *4 (E.D. Tex. Sept. 27, 2019) (citing *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015)); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

A motion to dismiss under Rule 12(b)(6) raises purely procedural questions that are governed by the law of the regional circuit. *In re Bill of Lading*, 681 F.3d at 1331 (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007)).   In the Fifth Circuit, motions to dismiss "are viewed with disfavor and are rarely granted."   *Lormand*, 565 F.3d at 232 (citation omitted).   To survive a motion to dismiss on a claim for indirect (induced) infringement, a complaint must "contain facts plausibly showing that [an accused infringer] specifically intended their customers to infringe the [patent or patents-in-suit] and knew that the customers' acts constituted infringement."   *In re Bill of Lading*, 681 F.3d at 1339.   However, a plaintiff "need not prove its inducement case at the time of filing, nor must it provide detailed factual support for every element of inducement."   *Pat. Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-CV-220, 2012 WL 9864381, at *5 (E.D. Tex. July 27, 2012); *see also Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of

those facts is improbable, and that a recovery is very remote and unlikely." (internal quotation marks and citation omitted)).

### B.    Transfer Pursuant to 28 U.S.C. § 1404(a)

A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) should be denied unless the defendant sets forth good cause showing how transfer is "clearly more convenient for both parties involved, non-party witnesses, expert witnesses, and in the interest of justice." *Aloft Media, LLC v. Adobe Sys.*, No. 6:07-CV-355, 2008 WL 819956, at *3 (E.D. Tex. Mar. 25, 2008).[4]  While "clearly more convenient" is not explicitly equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-CV-00118-JRG, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).  This standard "places a significant burden on [Defendants] to show good cause for transfer:' a burden that this Court does not take lightly." *Core Wireless Licensing, S.A.R.L. v. Apple Inc.*, No. 2:19-CV-00118-JRG, 2013 WL 682849, at *2 (E.D. Tex. Feb. 22, 2013) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) ("*Volkswagen II*")).   "[T]ransfer is inappropriate when it merely serves to shift inconveniences from one party to the other." *CXT Sys., Inc. v. Container Store, Inc.*, No. 2:18-CV-00173-RWS-RSP, 2019 WL 1506015, at *4 (E.D. Tex. Apr. 5, 2019) (citing *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1083 (Fed. Cir. 1989)).  The court must first determine whether the suit could have been brought in the proposed transferee district.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").  If the court answers this question affirmatively, it then considers the Fifth Circuit's private and public interest factors.  *Id*.  The private-interest factors

---

[4] *In re Apple Inc.*, No. 2018-151, Dkt. 20 at 4 (Fed. Cir. Oct. 16, 2018) ("[C]onsidering the convenience of the parties, while the EDTX may not be especially convenient for Apple, the Northern District of California would seem equally inconvenient for AGIS Software.").

include: (1) "the relative ease of access to sources of proof;" (2) "the availability of compulsory process to secure the attendance of witnesses;" (3) "the cost of attendance for willing witnesses;" and (4) "all other practical problems that make a trial case easy, expeditious, and inexpensive." *Id*. (citations omitted). The public-interest factors include (1) "the administrative difficulties flowing from court congestion;" (2) "the local interest in having localized interests decided at home;" (3) "the familiarity of the forum with the law that will govern the case;" and (4) "the avoidance of unnecessary problems of conflicts of law[s]. . . . " *Id*.

Here, VWAG has failed to meet its burden to establish that transfer to the EDMI is "clearly more convenient" for all parties and witnesses and in the interests of justice, and that transfer would not merely shift the conveniences from one party to another. *See Aloft Media*, 2008 WL 819956, at *3. Accordingly, NorthStar's choice of forum should be respected. *See Volkswagen II*, 545 F.3d at 315. Additionally, when deciding a motion to transfer venue under § 1404(a), "the court may consider undisputed facts outside of the pleadings such as affidavits or declarations, but it must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party." *AGIS Software Dev. LLC v. Apple Inc.*, No. 2:17-CV-00516-JRG, 2018 WL 2721826, at *2 (E.D. Tex. June 6, 2018).

## V.    ARGUMENT

### A.    The Complaint Should not be Dismissed for Failure to State a Claim

#### 1.    The Complaint Alleges Acts of Direct Infringement by VWAG

NorthStar's Complaint alleges that VWAG directly infringes the Patents-in-Suit by "making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the" the '943 Patent, the '297 Patent, and the '527 Patent. *See* Dkt. 1 at ¶¶ 19, 32, 53. Here, NorthStar specifically alleges that VWAG *uses* technology cited in the Complaint that infringes the Patents-in-Suit. *Id.* at ¶¶ 16, 18, 19, 30,

31, 32, 42, 43, 44, 51, 52, 53, 62, 63, 64.  Further, the Complaint references documents showing how the Patents-in-Suit are infringed by VWAG.  *Id.* at ¶¶ 21-22, 33-34, 54-55, 65.  At this stage, NorthStar has sufficiently pled direct infringement by VWAG.

NorthStar is not required to "prove its case at the pleading stage." *In re Bill of Lading*, 681 F.3d at 1339 (citing *Skinner*, 562 U.S. at 529-30.).  NorthStar's Complaint must place the "potential infringer . . . on notice of what activity . . . is being accused of infringement." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013).  NorthStar has met this pleading standard.

NorthStar alleges in the Complaint that VWAG has committed acts of infringement by, for example, "making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims" of the Patents-in-Suit.  *See* Dkt. 1 at ¶¶ 16, 19, 20, 24, 31, 32, 36, 43, 44, 46, 52, 53, 56, 63, 64, 66.  An entity is liable for patent infringement if it "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, . . ."  35 U.S.C. § 271(a).  ███████████████████████

████████████████████████████████████    ████████████████

████████████████████████████████████████████

███ However, this merely creates a factual dispute (e.g., whether VWAG is the importer or user of the accused vehicles) that must be settled by the trier of fact.  Furthermore, at this stage, all factual conflicts must be resolved in favor of the non-moving party.  *See AGIS Software Dev. LLC*, 2018 WL 2721826, at *2 (E.D. Tex. June 6, 2018).  Accordingly, NorthStar has properly brought this action against VWAG as a direct infringer of the '943 Patent, the '297 Patent, and the '527 Patent.

VWAG primarily argues that it cannot be said to directly infringe the method claims of any of the Patents-in-Suit because NorthStar "admits" VWAG does not operate in the United States. *See* Dkt. 1 at p. 14.  This is not correct.  VWAG highlights that NorthStar states in the Complaint that VWAG is a German corporation with a principal place of business in Germany. *Id.*  VWAG, however, conveniently ignores the very next sentence in the Complaint, which states: "Upon information and belief, [VWAG] does business in Texas and in the Eastern District of Texas, ***directly*** or through intermediaries." *See* Dkt. 1 at ¶ 2.  VWAG's selective reading glaringly omits NorthStar's assertion that VWAG operates in the United States, in Texas, and within this District. It is plausible, if not highly likely, that VWAG employees or agents from Germany have traveled to the United States to test or troubleshoot the accused vehicles, thereby directly infringing method claims of the Asserted Patents. *See, e.g.,* Ex. 2 (demonstrating an example of VWAG's direct operations in the United States by allowing independent dealers to access its diagnostic tools). Additionally, VWAG owns and controls the trademarks for its business in the United States.[5]  In trademark filings, VWAG has stated that it provides "automotive dealership services" "globally, and **within the United States**." *See* Ex. 3 at 5 (emphasis added).   Again, this is an issue of fact that must be resolved in favor of NorthStar. *See AGIS Software Dev. LLC*, 2018 WL 2721826, at *2 (E.D. Tex. June 6, 2018).

Accordingly, as VWAG only raises factual issues that must be resolved in favor of NorthStar at this stage, NorthStar has sufficiently pled allegations of direct infringement, and the Motion should be denied.

---

[5] See, e.g., https://tmsearch.uspto.gov/bin/showfield?f=doc&state=4810:guvno5.6.25.

## 2.    The Complaint Alleges Acts of Indirect Infringement by VWAG

NorthStar's allegations satisfy the plausibility standard for indirect infringement. NorthStar specifically alleges that VWAG induced *end-users* to directly infringe the Patents-in-Suit.  *See* Dkt. 1 at ¶¶ 24, 25, 26, 36, 37, 38, 46, 47, 48, 56, 57, 58, 66, 67, 68.  NorthStar also alleges that VWAG has knowledge of the Patents-in-Suit.  *Id.* at ¶¶ 25, 37, 47, 57, 670).  NorthStar further alleges that VWAG had actual knowledge of the Patents-in-Suit as of at least December 2020 based on industry publications.  *Id.* at fn. 3.[6]  At the very least, NorthStar alleges that VWAG "was at least willfully blind to the Patents-in-Suit due to NorthStar's publicized enforcement efforts."[7]  *Id.*; *see also Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016) (finding that "willful blindness can satisfy the knowledge requirement for active inducement under § 271(b) (and for contributory infringement under § 271(c)), even in the absence of actual knowledge.") (citations omitted)).  More specifically, NorthStar alleges actual knowledge of the '943 Patent, the '416 Patent, and the '432 Patent based on VWAG's citation to the patents in their own patent applications.  *Id.* at fns. 3, 6, 10; *see also BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 776 (W.D. Tex. 2022) (finding citations to some of the Patents-in-Suit during prosecution of

---

[6]  The industry publications referenced in the Complaint can be found at: https://insight.rpxcorp.com/news/71544-northstar-systems-has-hit-four-more-defendants-so-far-this-summer;    https://insight.rpxcorp.com/news/64779-location-location-location-northstar-systems-kicks-off-second-campaign-over-former-iv-assets.

[7]  To the extent the Court is not satisfied with NorthStar's allegations in the Complaint, NorthStar respectfully requests leave to file an amended complaint.  *See SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Com. Mortg. Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 944 (5th Cir. 2018), *cert. denied sub nom. SGK Props., L.L.C. v. U.S. Bank Nat. Ass'n*, 139 S. Ct. 274 (2018) ("Federal Rule of Civil Procedure 15(a)(2) states that the district court should freely give leave to amend when justice so requires. The language of this rule evinces a bias in favor of granting leave to amend, and a district court must possess a 'substantial reason' to deny a request.").

Apple's own patents was sufficient to establish pre-suit knowledge of the cited patents on the part of Apple.).

VWAG first argues that it cannot be held liable for indirect infringement because it cannot induce infringement by customers and end-users because it is a foreign entity.[8]  *See* Dkt. 11 at 16. This argument is incorrect, as the Federal Circuit has expressly held otherwise.  *See Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1302–03 (Fed. Cir. 2012) ("In short, where a foreign party, with the requisite knowledge and intent, employs extraterritorial means to actively induce acts of direct infringement that occur within the United States, such conduct is not categorically exempt from redress under § 271(b).) (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305–06 (Fed.Cir.2006) (en banc in relevant part)).  "Providing instructions to use a product in an infringing manner is evidence of the required mental state for inducing infringement."  Microsoft Corp. v. DataTern, Inc., 755 F.3d 899, 905 (Fed. Cir. 2014) (citing *Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1363–65 (Fed. Cir. 2006)).  The Complaint alleges for all claims of induced infringement that VWAG has and/or continues to indirectly infringe the Patents-in-Suit by knowingly and intentionally inducing others, including customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, and that VWAG provides the infringing products to customers and end-users for use in an infringing manner.  *See* Dkt. 1 at ¶¶ 24-55, 36-37, 46-47, 56-47, 66-67.  When considering the Complaint "as a whole" and "the facts . . . in the context of the technology disclosed in the [patent] and the

---

[8] VWAG also argues that NorthStar relies upon documents authored by VWGoA, such as the Quick Start Guide.  However, the Quick Start Guide is nearly identical to Quick Start Guides from other locations, revealing a factual dispute as to whether the guides are authored by a parent entity, such as VWAG.

[security software] industry," it is "reasonable and plausible" to infer that VWAG specifically intended to induce its customers to infringe the Patents-n-Suit and knew that the customers' acts constituted infringement. *In re Bill of Lading*, 681 F.3d at 1340; *see also In Motion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 WL 3283371, at *1, (E.D. Tex. Aug. 10, 2012) (finding allegation that defendant "actively induced others to infringe" sufficient to satisfy specific intent requirement and state a claim for induced infringement, and noting that detailed factual support is not necessary for every element of inducement); *see also*, *Semcon IP Inc. v. Kyocera Corp.*, No. 2:18-CV-00197-JRG, 2019 WL 1979930, at *3-4 (E.D. Tex. May 3, 2019).

VWAG next argues that NorthStar failed to sufficiently plead pre-suit knowledge of the Patents-in-Suit. *See* Dkt. 11 at 16. Regarding the asserted patents that have not expired, VWAG ignores the standing case law in this District which holds that failure to allege pre-suit knowledge "is not a basis to dismiss [plaintiff's] indirect infringement claims." *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2012).[9] Rather, an allegation that the defendant had knowledge of the patent as of the filing of the complaint is "sufficient to prove knowledge of the patent for purposes of indirect infringement, at least from the time of the complaint going forward." *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2016 WL 1643315, at *4 n.4 (E.D. Tex. Apr. 26, 2016) (collecting cases); *see also, e.g., Lochner*, 2012 WL 2595288, at *3 (holding that alleging knowledge "at least from the time of the Complaint going forward" is sufficient to defeat a motion to dismiss indirect

---

[9] *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-CV-235-JRG, 2016 WL 9275395, at *2 (E.D. Tex. Oct. 19, 2016) (citing *Tierra Intellectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*, No. 2:13-CV-44-JRG, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014) (Gilstrap, J.) ("[A] pre-suit knowledge requirement for induced infringement would lead to absurd results. If pre-suit knowledge were required, companies would have carte blanche to induce infringement purposefully provided that they were unaware of the patent prior to suit.").

infringement claim); *see also In re Bill of Lading*, 681 F.3d at 1345–46 (noting that complaints that allege knowledge "at the latest . . . when [defendant] was served with the complaint" are sufficient ); *Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:11-CV-495-LED-JDL, 2013 WL 12138894, at *3 (E.D. Tex. Nov. 21, 2013) ("Post-suit knowledge of the patents-in-suit alone does not provide a basis for dismissing Norman's indirect infringement claims with respect to alleged infringing activity occurring after the Second Amended Complaint."); *Ultravision Techs., LLC v. Govision, LLC,* No. 2:18-CV-00100JRG-RSP-CONS, 2020 WL 896767, at *11(E.D. Tex. Feb. 24, 2020) ("there is no pre-suit knowledge requirement to establish induced infringement").

There is no dispute that VWAG had actual knowledge of the Patents-in-Suit at least as early as the date of filing of the Complaint.  This is sufficient at the pleadings stage to support a claim for both pre-suit and post-suit induced infringement for the unexpired patents in suit.  *Right Question, LLC v. Samsung Elecs. Co., Ltd.*, No. 2:21-CV-00238-JRG, 2022 WL 507487, at *3 (E.D. Tex. Feb. 18, 2022) ("the Court has expressly held that it is 'premature at this early stage in the proceedings to distinguish between pre-suit and post-filing conduct for the purposes of induced infringement' where it is clear that 'Defendants had knowledge of the Asserted Patents for at least some time during the infringement period.'") (citing *BillJCo, LLC v. Cisco Sys., Inc.*, No. 2:21-cv-183, 2021 WL 6618529, at *6 (E.D. Tex. Nov. 30, 2021); *see also Lochner Techs., LLC*, 2012 WL 2595288, at *3 (denying motion to dismiss pre-suit indirect infringement claims where plaintiff alleged knowledge of the patent-in-suit "at least as early as the filing of the original complaint"); *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693-RWS-RSP, 2017 WL 4230582, at *2 (E.D. Tex. Sept. 4, 2017), report and recommendation adopted, No. 2:16-CV-00693-RWS-RSP, 2017 WL 4237723 (E.D. Tex. Sept. 22, 2017) (same finding); *Estech Sys., Inc.*

*v. Target Corp.*, No. 2:20-CV-123-JRG-RSP, 2020 WL 6496425, at *5 (E.D. Tex. Aug. 10, 2020) (same finding); *Ultravision*, 2020 WL 896767 at *11 (same finding).

For the Patents where pre-suit knowledge may be required, NorthStar has sufficiently pled it here.  As discussed *infra*, NorthStar alleges that VWAG "was at least willfully blind to the Patents-in-Suit due to NorthStar's publicized enforcement efforts."  Dkt. 1 at ¶25; s*ee also Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016) (finding that "willful blindness can satisfy the knowledge requirement for active inducement under § 271(b) (and for contributory infringement under § 271(c)), even in the absence of actual knowledge.") (citations omitted)).  More specifically, NorthStar alleges actual knowledge of the '943 Patent, the '416 Patent, and the '432 Patent based on VWAG's citation to the patents in their own patent applications.  *Id.* at fns. 3, 6, 10; *see also BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 776 (W.D. Tex. 2022) (finding citations to some of the Patents-in-Suit during prosecution of Apple's own patents was sufficient to establish pre-suit knowledge of the cited patents on the part of Apple.).  VWAG has cited no case law that would require this Court to find that NorthStar has not established pre-suit knowledge.

As to VWAG's final point regarding specific intent, NorthStar pled in the Complaint that VWAG knowingly and intentionally induced, and continues to induce, direct infringement by "customers and end-users," by supplying the infringing products to those direct infringers with knowledge, intent, or willful blindness that they would infringe.  *See* Dkt. 1 at ¶¶ 24-55, 36-37, 46-47, 56-47, 66-67; *see, e.g., Semcon IP Inc*, 2019 WL 1979930, at * 4.  This is sufficient to plead intent on the part of VWAG.

Accordingly, VWAG's motion to dismiss must be denied because NorthStar has sufficiently pled indirect infringement.

14

**B.    The Case Should Not be Transferred Pursuant to 28 U.S.C. § 1404(a)**

**1.    VWAG has Failed to Comply with Local Rule CV-7(h)**

Before addressing the substance of VWAG's request to transfer this matter to the EDMI, it is important to note that VWAG has failed to comply with Local Rule CV-7(h) by not meeting and conferring with NorthStar's counsel.  Local Rule CV-7(h) states, in relevant part, as follows:

> For opposed motions, the substantive component requires, at a minimum, a personal conference, by telephone or in person, between an attorney for the movant and an attorney for the non-movant. …  In the personal conference, the participants must give each other the opportunity to express his or her views concerning the disputes. The participants must also compare views and have a discussion in an attempt to resolve their differing views before coming to court. Such discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position. …  For opposed motions, correspondence, e-mails, and facsimile transmissions do not constitute compliance with the substantive component and are not evidence of good faith. Such materials, however, may be used to show bad faith of the author. …  An unreasonable failure to meet and confer violates Local Rule AT-3 and is grounds for disciplinary action. A party may file an opposed motion without the required conference only when the non-movant has acted in bad faith by failing to meet and confer.

[Local Rule CV-7(h).]

While a motion to dismiss does not require the parties to meter and confer, a motion to transfer venue is not one of the enumerated types of motion exempt from the requirement.  *See* Local Rule CV-7(i).  VWAG never advised NorthStar's counsel that it intended to file a motion to transfer venue and, on this ground alone, the motion should be denied.  *See* Local Rule CV-7(h).  Regardless, VWAG's request to transfer is meritless on its face and should be denied.

15

### 2. The Private Interest Factors Weigh Against Transfer

#### a. Relative Ease of Access to Sources of Proof Weigh Against Transfer

This factor assesses the relative ease of access to sources of proof, including documentary and other physical evidence. *See Volkswagen II*, 545 F.3d at 315. The "question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, *Ltd.,* 720 F.3d 285, 288 (5th Cir. 2013). As the Fifth Circuit has recently reiterated, and as this Court has repeatedly stated, a movant must *specifically* identify and locate sources of proof and explain their relevance. *See Def. Distributed v. Bruck*, 30 F.4th 414, 434 (5th Cir. 2022) ("Regarding the first private interest factor, the movant has the burden to establish good cause, which requires an actual showing of the existence of relevant sources of proof, not merely an expression that some sources likely exist in the prospective forum."); *see also AGIS Software Dev. LLC v. Huawei Device USA Inc.*, No. 2:17-CV-00513-JRG, 2018 WL 2329752, at *5 (E.D. Tex. May 23, 2018); *Utterback v. Trustmark Nat'l Bank*, 716 F. App'x 241, 245 n.10 (5th Cir. 2017). VWAG has not met its burden here as it has failed to specifically identify any sources of proof in the transferee district. This factor also does not weigh in favor of transfer because the little evidence identified by VWAG is likely electronic and equally accessible in the EDTX. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th at 625, 630 (5th Cir. 2022) ("[T]he vast majority of the evidence was electronic, and therefore equally accessible in either forum.").

The Declaration ███████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████



In fact, in VWAG's moving papers, it repeatedly states that there are "likely' custodians and relevant documents, but it never says with any specificity what the documents are and how they are relevant.  (Dkt. 11 at p. 19).

VWAG fails to assert whether it does or does not have relevant documents in its possession in Germany, where the company is based.

In this way, VWAG fails to meet its burden to identify any specific sources of proof located in the EDMI and how they are relevant to trial. *Defense Distrib.*, 30 F.4th at 434.[10]

In contrast, NorthStar's proofs are entirely located in the EDTX.

NorthStar's physical documents "bear[] much more strongly on the transfer analysis" than the likely electronic documents identified by VWAG. *Planned Parenthood*, 52 F.4th at 630.

The location of these documents and activities tilts this factor against transfer.  *Defense Distrib.*, 30 F.4th at 434 n.25 (holding that plaintiff's activities and documents in Texas weighed against transfer).

---

[10] *See also Hammers v. Mayea-Chang*, No. 2:19-CV-00181-JRG, 2019 WL 6728446, at *7 (E.D. Tex. Dec. 11, 2019) ("Since the inquiry is only focused on evidence that will be used at trial, a movant fails to meet its burden if it does not explain how a particular source of proof will be used at trial.") (cited with approval in *Defense Distrib.*, 30 F.4th at 434).

17

Additional sources of proof are also located in this District.  For example, NorthStar's sister companies also maintain their documents in this District. ████████████████████████ ████████████████████████████████████████████████████████████ ███████████

Several third parties also likely maintain documents that are easily accessible from this district and inaccessible from the EDMI. ████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████ As another Example, AGIS Software Development LLC ("AGIS") is an East Texas Company that provides GPS and mapping solutions and owns numerous patents related to these technologies.[11] AGIS likely has documents and information in this District related to the state of the prior art relevant to the validity of NorthStar's patents.  As another example, Blitzsafe Texas LLC ("Blitzsafe") is an East Texas company that previously asserted infotainment patents against the automotive industry and likely has documents related to prior licensing dealings with the automotive industry and VWAG, which is relevant to damages as well as willful blindness.[12]  Accordingly, all of NorthStar's proofs, as well as additional proofs from third-parties, are located in this district.

Because NorthStar's documents, as well as relevant third-party documents, are located in this District, and because VWAG has failed to specifically identify any relevant proofs in the transferee district, the first private interest factor weighs against transfer.

---

[11] *See AGIS Software Development LLC v. LG Electronics, Inc.*, Case No. 2:17-cv-00515 (E.D.T.X.) (Dkt. 1).

[12] *See Blitzsafe Texas, LLC v. Volkswagen Group of America, Inc., et al.*, Case No. 2:15-cv-01278 (E.D.T.X.) (Dkt. 1).

**b.  Availability of Compulsory Process to Secure the Attendance of Witnesses Does Not Favor Transfer**

This factor does not weigh in favor of transfer because VWAG fails "to identify any witnesses who would be unwilling to testify." *Planned Parenthood*, 52 F.4th at 630-31.  VWAG and third-party VWGoA have both failed to identify a single witness by name.  VWAG has only identified a vague number of potential third-party witnesses from VWGoA. ███████████

███████████████████████████████████████████████

███████████████████████████████████  VWAG has not, however, identified who these witnesses are, what positions they hold with VWGoA, what relevant knowledge they possess, if they would be called at trial, or whether they are unwilling.  Without such a showing, this factor cannot weigh in favor of transfer.  *Defense Distr.*, 30 F.4th at 434 (confirming the Fifth Circuit test requires specific evidence showing how relevant proofs will be used at trial).  In at least one other instance in this Court, VWGoA only elected to call witnesses at trial that did not reside in Michigan.  *See, e.g., Blitzsafe Texas LLC v. Honda Motor Co., Ltd., et al.*, No. 2:15-CV-01274-JRG-RSP, Dkt. 362-2.  In that matter, VWGoA only named one non-expert trial witness: Mr. Dieter Loersch who resided in Germany.  *Id.*  In view of its past selection of trial witnesses, and in view of VWAG's lack of specificity within its motion, VWAG has not shown that those witnesses are relevant to this factor.

NorthStar identifies several third-party witnesses who operate businesses in the Eastern District of Texas and are within the Court's subpoena power and who appear to be outside of the subpoena power of EDMI. ███████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

19

██████████████████████████    Next, NorthStar identifies Mr. Beyer, the principal of AGIS.  Mr. Beyer likely has unique knowledge regarding the state of the art in the early 2000's that will be otherwise unavailable in the EDMI.  Mr. Beyer will provide testimony regarding the state and content of the prior art that is relevant to the Accused Patents' validity.  NorthStar also identifies Mr. Marlowe, the principal of Blitzsafe.  Mr. Marlowe has unique knowledge and experience regarding a small business' efforts to enforce car infotainment patents in the automotive industry and with VWAG.  Mr. Marlowe has knowledge related to damages and relevant information surrounding a hypothetical negotiation for an automotive patent license.  *See AGIS Software Development LLC v. LG Electronics, Inc.*, Case No. 2:17-CV-00515 (E.D.T.X.) (Dkt. 1); *Blitzsafe Texas, LLC v. Volkswagen Group of America, Inc., et al.*, Case No. 2:15-CV-01278 (E.D.T.X.) (Dkt. 1).

Accordingly, because VWAG has failed to identify any witnesses it would call at trial who work in the proposed transferee district, while NorthStar has identified several witnesses with relevant knowledge who would willingly appear at trial, the second private interest factor weighs against transfer.

### c.  The Cost of Attendance for Willing Witnesses Does Not Favor Transfer

VWAG fails to identify any willing witnesses with relevant information that it contends would be likely trial witnesses.  VWAG further does not identify a single willing witness.  ██████

████████████████████████████████████████████████████████

██████████████████████████    Relying solely on the fact that Detroit has an international airport, VWAG argues that would be significantly cheaper for the non-identified witnesses to appear at trial in the EDMI.  This is insufficient to satisfy the third private interest factor.  *See Stragent LLC v. Audi AG*, No. 6:10-CV-227-LED-JDL, 2011 WL 2912907, at n. 7 (E.D. Tex. July

18, 2011) ("However, under these circumstances, taking into account the convenience of potential foreign witnesses would not affect the convenience analysis because Movants have not identified any foreign witnesses, much less any inconvenience that would be suffered by such witnesses."). Even if VWAG had identified willing witnesses, this factor would still not weigh in favor of transfer.  *Id.* ("Because any documents and witnesses located abroad will have to travel 'a significant distance no matter where they testify,' the inconvenience of transporting such documents or the inconvenience of any foreign witnesses will be discounted.") (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed.Cir.2009) (discounting European witnesses in the convenience analysis because "[t]he witnesses from Europe will be required to travel a significant distance no matter where they testify").

In stark contrast, and as stated *supra*,



Accordingly, this factor weighs against transfer.

### d.  All Other Practical Problems

As discussed *supra*, the practical considerations all weigh against transfer.  Further, since VWAG filed its motion, this matter was consolidated with *NorthStar Systems LLC v. Bayerische*

*Motoren Werke AG*, No. 2-22-CV-00496 (EDTX) for all pretrial issues on June 13, 2023. *See* Dkt. 9. BMW did not move to transfer to the Eastern District of Michigan and at present, that case will proceed in the Eastern District of Texas. Moreover, the Court entered a Scheduling Order on June 15, 2023, setting forth various deadlines and a Scheduling Conference for July 20, 2023. By the time the Court decides on the Motion, NorthStar will likely have served VWAG with its P.R. 3-1 and P.R. 3-1 Preliminary Infringement Contentions, and the parties will likely have already entered a Docket Control Order, a Discovery Order, and a Protective Order. Accordingly, all other practical considerations should weigh against transfer or at least be neutral.

### 3. The Public Interest Factors Weigh Against Transfer

#### a. The Administrative Difficulties Flowing From Court Congestion Weigh Against Transfer

VWAG avers that the first public interest factor is neutral regarding the transfer analysis. VWAG, however, ignores past precedent in this District that the time to trial, on average, is faster in the EDTX when compared to other districts. *See, e.g., Longhorn HD LLC. v. Juniper Networks, Inc.*, No. 2:21-CV-00099-JRG, 2021 WL 4243382, at *5 (E.D. Tex. Sept. 16, 2021); *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-CV-00390, 2019 WL 2303034, at *5 (E.D. Tex. May 30, 2019). Over a twelve-month period ending in March 2023, the median time to trial in civil cases in the EDMI was 48.5 months; whereas, in the EDTX during the same period, the median time to trial in civil cases was only 19 months.[13] *See* Dkt. Ex. 4 at 35, 40. Accordingly, the first public interest factor weighs against transfer.

---

[13] It is also worth noting that there are currently two judicial vacancies in the EDMI, while there are no judicial vacancies in the EDTX. *See* Ex. 5.

**b. The Local-Interest Factor Weighs Against Transfer**

VWAG fails to demonstrate that the EDMI has a local interest in this case being resolved there. VWAG relies upon VWGoA's presence in the EDMI, a non-party to this case, in support of its positions. ███████████████████████████████████████████

███████████████████████████████████████████████████ ██

███████████████████████████████████████████████████

███████████████████████████ █████████████████████████

████████████████████████████████ ██████████████████████

███████████████████████████████████████████████████

████████ Vague and self-serving statements are insufficient to support transfer.

In further support of its position, VWAG cites Federal Circuit precedent that stand for the proposition that little weight should be given under to the local-interest factor to entities whose presence in a district is "recent, ephemeral, and an artifact of litigation." *See In re Juniper Networks, Inc.*, 14 F.4th 1313, 1320–21 (Fed. Cir. 2021); *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011) (*per curiam*). However, NorthStar is not a recent, ephemeral entity, and it is not an artifact of litigation, like the entities in those cases. ████████████████████████

████████████████████ ████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████ This does not describe a recent, ephemeral, and artifact of litigation as described in the relevant Federal Circuit case law. This Court has previously declined to find that NorthStar's sister company, Longhorn HD, was ephemeral. *Longhorn,* 2021 WL 4243382, at *3 ("LHD's conduct is not fairly of this type.

Assertions that a party's actions are an intentional "construct for litigation" are serious and should not be made without clear proof. Such are reviewed carefully by the Court. The Court cannot conclude, based on the facts before it, that LHD's operations in this District meet this standard.") ██████████████████████████████████████

████████████████████████████████████████████████████

Accordingly, the local-interest factor weighs against transfer because VWAG has only provided a vague, speculative relationship between the technology at issue and the EDMI, whereas NorthStar is completely at home in the EDTX.

### c. The Choice-of-Law Factors Weigh Against Transfer

NorthStar agrees with VWAG that the choice-of-law- factor is neutral.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss or, in the alternative, Transfer Venue to the Eastern District of Michigan (Dkt. 11).

Dated:  June 27, 2023                          Respectfully submitted,

                                               */s/ Vincent J. Rubino, III*
                                               Alfred R. Fabricant
                                               NY Bar No. 2219392
                                               Email: ffabricant@fabricantllp.com
                                               Peter Lambrianakos
                                               NY Bar No. 2894392
                                               Email: plambrianakos@fabricantllp.com
                                               Vincent J. Rubino, III
                                               NY Bar No. 4557435
                                               Email: vrubino@fabricantllp.com
                                               **FABRICANT LLP**
                                               411 Theodore Fremd Road, Suite 206 South
                                               Rye, NY 10580
                                               Telephone: (212) 257-5797
                                               Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
51 J.F.K. Parkway
Short Hills, NJ, 07079
Telephone: (201) 341-9445
Facsimile: (973) 535-0921

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

*ATTORNEYS FOR PLAINTIFF,*
*NORTHSTAR SYSTEMS LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2023, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

*/s/ Vincent J. Rubino, III*
Vincent J. Rubino, III

## **CERTIFICATE OF COMPLIANCE**

I hereby certify pursuant to Local Rule CV-5(a)(7) that a motion to seal the document has been filed. I hereby certify that an unredacted version of the above and foregoing document has been served by email on all counsel of record.

*/s/ Vincent J. Rubino, III*
Vincent J. Rubino, III