# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NORTHSTAR SYSTEMS LLC, <br><br> Plaintiff, <br><br> v. <br><br> VOLKSWAGEN AG, <br><br> Defendant. | Case No. 2:22-cv-00486-JRG (Lead Case) <br><br> JURY TRIAL DEMANDED |
| NORTHSTAR SYSTEMS LLC, <br><br> Plaintiff, <br><br> v. <br><br> BAYERISCHE MOTOREN WERKE AG, <br><br> Defendant. | Case No. 2:22-cv-00496-JRG (Member Case) <br><br> JURY TRIAL DEMANDED |

**DEFENDANT BAYERISCHE MOTOREN WERKE AG'S
OPPOSED MOTION TO STAY**

**TABLE OF CONTENTS**

I. FACTUAL BACKGROUND ........................................................................................... 3

    A. BMW NA IPRs ................................................................................................... 3

    B. The Instant Case .................................................................................................. 4

II. LEGAL STANDARD ...................................................................................................... 4

III. THE COURT SHOULD STAY THIS CASE .................................................................. 5

    A. Factor 1: A Stay Will Simplify, if Not Resolve, the Issues in This Case. .............. 5

    B. Factor 2: A Lack of a Stay Would Create Hardships and Prejudice for *both* Parties ................................................................................................................... 7

    C. Factor 3: There is No Prejudice to Either Party in Staying this Case. .................. 9

    D. Factor 4: A Stay Would Limit the Burden of Litigation on the Court and the Parties. ........................................................................................................ 11

IV. CONCLUSION ............................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anza Tech., Inc. v. Avant Tech., Inc.*,
  No. A-17-CV-01193-LY, 2018 WL 11314191 (W.D. Tex. Nov. 15, 2018)..............................7

*Apex Beam Technologies LLC v. ZTE Corp.*,
  No. 2:22-cv-00031-JRG-RSP, Dkt. No. 55 (E.D. Tex. Jun. 14, 2023)................................1, 14

*Armor All/STP Prod. Co. v. Aerospace Commc'ns Holdings Co.*,
  No. 6:15-CV-781, 2016 WL 6397269 (E.D. Tex. Oct. 28, 2016) ..........................................10

*Aylus Networks, Inc. v. Apple Inc.*,
  856 F.3d 1353 (Fed. Cir. 2017)................................................................................................6

*Blephex LLC v. Pain Point Med. Sys. Inc*,
  No. 3:16-CV-0410-N, 2016 WL 7839343 (N.D. Tex. Nov. 3, 2016) ..................................6, 7

*Clinton v. Jones*,
  520 U.S. 681 (1997)..................................................................................................................4

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
  No. 217-CV-00140, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019) .........................5, 6, 11, 12

*e-Watch Inc. v. Apple Inc.*,
  No. 2:13-cv-01061-JRG-RSP, 2015 WL 12915668 (E.D. Tex. Mar. 25, 2015) .........1, 4, 8, 14

*e-Watch, Inc. v. Lorex Canada*,
  No. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013)...................................8, 11, 12

*Emp. L. Compliance, Inc. v. Compli, Inc.*,
  No. 3:13-CV-3574-N, 2014 WL 3739770 (N.D. Tex. May 27, 2014)..............................11, 12

*Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*,
  No. 2:16-cv-00052-JRG-RSP, 2017 WL 4385567 (E.D. Tex. Sep. 9, 2017)...........................6

*Neuro Cardiac Techs., LLC v. LivaNova USA, Inc.*,
  No. CV H-18-1517, 2018 WL 4901035 (S.D. Tex. Oct. 9, 2018)...............................5, 8, 9, 11

*NFC Tech. LLC v. HTC America, Inc.*,
  No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015).....................4, 5, 10

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
  No. 6:13-CV-384-JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014).......................................5

*Solas Oled Ltd. v. Samsung Display Co.*,
   No. 2:19-cv-00152-JRG, 2020 WL 4040716 (E.D. Tex. Jul. 17, 2020)................................8, 9

*SSL Servs., LLC v. Cisco Sys., Inc*,
   No. 2:15-CV-433-JRG-RSP, 2016 WL 3523871 (E.D. Tex. June 28, 2016)..........................10

*Stragent LLC v. BMW of N. Am., LLC*,
   No. 6:16-CV-446, 2017 WL 3709083 (E.D. Tex. July 11, 2017) .........................................10

*SynQor, Inc. v. Vicor Corp.*,
   No. 2:14-CV-287-RWS-CMC, 2015 WL 12916396 (E.D. Tex. Nov. 24, 2015)....................10

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014)..............................................................................................10

Defendant Bayerische Motoren Werke AG ("BMW AG" or "Defendant") moves to stay the above-captioned litigation pending resolution of related proceedings between BMW North America, LLC and NorthStar Systems LLC ("NorthStar" or "Plaintiff") before the Patent Trial and Appeal Board ("the PTAB"). *See Bayerische Motoren Werke AG v. NorthStar Systems LLC*, IPR2023-01190 (PTAB); *Bayerische Motoren Werke AG v. NorthStar Systems LLC*, IPR2023-00890 (PTAB); *Bayerische Motoren Werke AG v. NorthStar Systems LLC*, IPR2023-00934 (PTAB)*; Bayerische Motoren Werke AG v. NorthStar Systems LLC*, IPR2023-01049 (PTAB)*; Bayerische Motoren Werke AG v. NorthStar Systems LLC*, IPR2023-01017 (PTAB); *Bayerische Motoren Werke AG v. NorthStar Systems LLC*, IPR2023-01191 (PTAB) (collectively, "the IPRs").

During the meet and confer on this Motion to Stay, citing *Apex Beam Technologies LLC v. ZTE Corp.*, No. 2:22-cv-00031-JRG-RSP, Dkt. No. 55 (E.D. Tex. Jun. 14, 2023), NorthStar alleges that the present motion is premature and unnecessary. However, this Court has indicated that it can consider the timing of an early motion to stay pending the resolution of *Inter Partes* Review challenges, even before institution, to indicate diligence. *e-Watch Inc. v. Apple Inc.*, No. 2:13-cv-01061-JRG-RSP, 2015 WL 12915668, at *3 (E.D. Tex. Mar. 25, 2015). When the IPRs in this case are instituted, BMW AG will be in the exact position as the defendant in *e-Watch Inc.,* because it will have been diligent in filing an early motion to stay pending the IPRs, it will be well before a claim construction hearing, and fact and expert discovery will not have closed. *See* Dkt. No. 57. NorthStar's citation to *Apex Beam Technologies* is unavailing, because nothing in that case contradicts the Court's determinations in *e-Watch* and others that a party shows diligence by filing an early motion to stay pending IPRs, even before institution. Accordingly, BMW AG files the present motion in accordance with this Court's practices.

1

Turning to the four factors, each factor favors a stay. First, Judicial economy supports staying this case pending resolution of the IPRs at least because it will simplify the issues in this case. The IPRs are currently awaiting institution, which is expected in 3-6 months. The IPRs include challenges to all asserted claims of all asserted patents, U.S. Patent Nos. 6,898,432, 8,805,416, 8,032,297, 8,478,527, and 8,014,943 (collectively, "the Asserted Patents"). If the final written decisions invalidate one or more challenged claims, the issues before this Court will be significantly narrowed and simplified. Even if some claims survive, the IPRs will be informative for issues of claim construction and claim scope.

Second, this case is in its infancy. Discovery has not begun, and the parties have not completed the exchange of initial disclosures. As of the scheduling hearing for this case that occurred on July 20, 2023, a claim construction hearing was set for May 16, 2024 and a trial was set for November 18, 2024, both of which will occur long after institution of the IPRs. Further, exchange of initial disclosures, fact depositions, claim construction briefing, and expert discovery have not occurred.

Third, no party would be prejudiced by a stay. NorthStar Systems LLC ("NorthStar" or "Plaintiff") is not seeking a preliminary injunction and it may still pursue monetary relief once the stay is lifted. The PTAB is likely to issue most institution decisions before the end of 2023, and all institution decisions before mid-February 2024. In the event the PTAB does not institute any of the IPRs, then the stay will be limited to a few months and would then resume, resulting in a small delay.

Fourth, granting the stay will avoid the possibility of two separate outcomes and significantly reduce the burdens on the parties and this Court. While the IPRs are pending institution, the parties will be required to expend significant time and resources to prepare

discovery requests, subpoenas, interrogatory responses, document production, offensive and defensive fact witness depositions, and claim construction briefing. Further, the Court will also be required to address invalidity, subject matter eligibility, claim construction, as well as other possible motion practice. Granting a stay will result in minimal delay and avoid unnecessary time and resource expenditure.

Because each factor favors a stay, Defendants respectfully requests that the Court stay this action pending resolution of the IPRs.

## I.  FACTUAL BACKGROUND

### A.  BMW NA IPRs

BMW of North America LLC ("BMW NA") filed the IPRs on the indicated dates:

| **Filing Date** | **Case Style** | **U.S. Patent No.** | **Challenged Claims** |
|---|---|---|---|
| May 5, 2023 | *Bayerische Motoren Werke AG v. NorthStar Systems LLC*, IPR2023-00890 (PTAB). | 8,032,297 | 1-30 (all claims) |
| May 26, 2023 | *Bayerische Motoren Werke AG v. NorthStar Systems LLC*, IPR2023-00934 (PTAB). | 8,478,527 | 1-30 (all claims) |
| June 9, 2023 | *Bayerische Motoren Werke AG v. NorthStar Systems LLC*, IPR2023-01017 (PTAB). | 8,014,943 | 1-26 (all claims) |
| July 19, 2023 | *Bayerische Motoren Werke AG v. NorthStar Systems LLC*, IPR2023-01049 (PTAB). | 6,898,432 | 1-8 (all claims) |
| August 3, 2023 | *Bayerische Motoren Werke AG v. NorthStar Systems LLC*, IPR2023-01190 (PTAB). | 8,805,416 | 1, 3-6, 9-13, 17-19 |
| August 3, 2023 | *Bayerische Motoren Werke AG v. NorthStar Systems LLC*, IPR2023-01191 (PTAB). | 8,805,416 | 1, 2, 7, 8, 11, 14-16, 20-35 |

3

Most institution decisions are expected before the end of 2023, and all institution decisions are expected before February 3, 2024.[1] Most final written decisions are expected by the end of 2024, and all final written decisions are expected by February 2025.

### B.     The Instant Case

NorthStar filed suit against BMW AG on December 27, 2022. Dkt. No. 1. BMW AG filed a motion to dismiss under Rules 12(b)(6) and 12(b)(7). Dkt. No. 26. A scheduling conference occurred on July 20, 2023. Dkt. No. 57. At the conference, the Court set a claim construction hearing for May 16, 2024, and a trial start date of November 18, 2024.

## II.    LEGAL STANDARD

The power to stay proceedings stems from the district court's inherent ability to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "In deciding whether to stay litigation pending patent reexamination and *inter partes* review, courts usually consider three factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *e-Watch*, 2015 WL 12915668, at *2. The courts may also consider a fourth factor: whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court. *NFC Tech. LLC v. HTC America, Inc.,* No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).

A stay is "particularly justified where the outcome of the [administrative proceeding] would be likely to assist the court in determining patent validity and, if the claims were canceled

---

[1] *See* Office Patent Trial Practice Guide, 77 Fed. Reg. 48,757 (Aug. 14, 2012) (indicating that the Director will decide whether to institute a trial within 6 months or less from the filing date of the IPR petition).

4

in the [administrative proceeding], would eliminate the need to try the infringement issue." *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-CV-384-JDL, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014) (internal citations omitted); *see also NFC Tech.*, 2015 WL 1069111 at *1.

## III.   THE COURT SHOULD STAY THIS CASE

Each factor strongly favors staying the case pending the outcome of the IPRs.

### A.   Factor 1: A Stay Will Simplify, if Not Resolve, the Issues in This Case.

"The most important factor bearing on whether to grant a stay is whether the stay is likely to simplify the issues at trial." *See CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 217-CV-00140 (WCB) (RSP), 2019 WL 11023976, at *7 (E.D. Tex. Feb. 14, 2019). This factor is easily met here, as institution of any or all of BMW AG's IPR petitions, would simplify the issues at trial.

*First*, BMW AG has filed IPR petitions challenging all five Asserted Patents and all claims (including, of course, all asserted claims). BMW AG believes that the IPRs are likely to eliminate all of the asserted claims and therefore significantly simplify the scope of the issues before the Court. *See Norman IP Holdings*, 2014 WL 5035718 at *3 (granting stay pending IPRs where "the PTAB's determination of the validity of all the asserted claims of the three patents-in-suit could narrow the issues before the court, prevent duplicative or unnecessary discovery, and encourage settlement or dismissal"); *see also Neuro Cardiac Techs., LLC v. LivaNova USA, Inc.*, No. CV H-18-1517, 2018 WL 4901035, at *3 (S.D. Tex. Oct. 9, 2018) ("If any or all of the claims is found invalid, [the] case fails or is simplified."). Thus, a stay is likely to simplify discovery related to prior art, any dispositive briefing on invalidity and the trial. *See Norman IP Holdings*, 2014 WL 5035718 at *3. This Court has even granted a stay when some, but not all, IPRs had been instituted. *NFC Tech. LLC v. HTC America, Inc.*, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015).

*Second*, to the extent that any instituted claims survive IPR, BMW AG will be estopped from raising prior art arguments that it raised or reasonably could have raised in those instituted IPRs (*see Blephex LLC v. Pain Point Med. Sys. Inc*, No. 3:16-CV-0410-N, 2016 WL 7839343, at *2 (N.D. Tex. Nov. 3, 2016) (internal citations omitted)), and NorthStar will be limited through prosecution history estoppel and disclaimer to the positions it took during the proceedings. *See, e.g.*, *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1361 (Fed. Cir. 2017) (holding that "statements made by a patent owner during an IPR proceeding can be considered [by the district court] during claim construction and relied upon to support a finding of prosecution disclaimer"). This Court previously found statements made in a Patent Owner's Preliminary Response were dispositive for purposes of granting summary judgment of non-infringement on the basis of prosecution disclaimer. *See Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-cv-00052-JRG-RSP, 2017 WL 4385567, at *3–5 (E.D. Tex. Sep. 9, 2017), *report and recommendation adopted*, No. 2:16-cv-00052-JRG-RSP, 2017 WL 4310161 (E.D. Tex. Sep. 28, 2017).

*Third*, a stay is likely to simplify issues because the PTAB will have offered its views about the construction of claim terms and other disputed issues, such as the priority dates of the patents. Even if the PTAB does not invalidate any of the claims in the pending IPR proceedings, "the expertise of the PTAB judges . . . is likely to be of considerable assistance to the Court." *CyWee*, 2019 WL 11023976 at *10. Specifically, the PTAB will consider and construe each of the asserted claims and patent owner's positions taken about the claim scope during any IPR proceeding will become incorporated into the prosecution histories. Given that a scheduling conference only occurred July 20, 2023, the claim construction hearing set for May 2024 will not have occurred by the institution decision by the end of 2023 for the earlier institution decisions or by February 2024 for the later institution decisions. The exchange of proposed claim terms has

6

not begun, the stay would preserve the expenditure of significant resources relating to issues that may be substantially altered, or rendered moot, by the IPR findings. *See Blephex*, 2016 WL 7839343 at *2 (quoting *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C-94-20775, 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995) ("waiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the [US]PTO and clarifying the scope of the claims").

> B.  **Factor 2: A Lack of a Stay Would Create Hardships and Prejudice for *both* Parties.**

The nascent stage of this case weighs heavily in favor of a stay. BMW AG's answer has not been filed because of the many flaws with NorthStar's case. *See* Dkt. No. 26. The scheduling conference only occurred on July 20, 2023. Dkt. No. 57. The parties have yet to serve a single discovery request or deposition notice. By the time the IPRs will likely be instituted, the parties will have likely not even exchanged preliminary claim constructions, and the Court will not have construed any claims. It would be an unnecessary expenditure of judicial and party resources to go through the claim construction process for interpretations of claims that may be rendered moot by impending PTAB decisions. Because BMW AG diligently filed most of its IPRs before even the scheduling conference in this case, and all of them within a short time thereafter, this factor counsels strongly in favor of a stay.

A stay is especially appropriate here because the case is in its infancy. Critically, "***no discovery has commenced***." *Anza Tech., Inc. v. Avant Tech., Inc.*, No. A-17-CV-01193-LY, 2018 WL 11314191, at *2 (W.D. Tex. Nov. 15, 2018) (emphasis added). The parties, therefore, "have not incurred any substantial burden associated with discovery or claim construction," the "court has not scheduled further hearings or set dates for filing claim-construction submissions

or briefs" and the "parties have not submitted dispositive motions." *Neuro Cardiac Techs.*, 2018 WL 4901035 at *4.

If this case were to proceed into discovery while the IPR petitions remain pending, both the parties and Court would be required to expend significant time and resources to litigate a case that could be "fundamentally altered" by the PTAB's invalidity determinations. *See e-Watch, Inc. v. Lorex Canada*, No. H-12-3314, 2013 WL 5425298, at *2 ("[I]f the USPTO accepts the IPR petitions, the continuation of this litigation will likely result in the unnecessary expenditure of the parties' and court's time and resources on claims that may be fundamentally altered by the USPTO's determination regarding the patents-in-suit.") (S.D. Tex. Sept. 26, 2013); *see also ACTi Corp.*, 2013 WL 6334372 at *7 ("[I]f the USPTO accepts *inter partes* review, continuing to prosecute this case is likely to result in the unnecessary expenditure of the parties' and the Court's resources on claims and issues that could be resolved or changed as a result of the IPR proceedings."). This would be inefficient, burdensome and ultimately unnecessary if the IPRs narrow the issues in the case.

Further, even if the Court denies without prejudice this motion, the Court has noted diligence by filing of an early motion to dismiss. *e-Watch Inc.*, 2015 WL 12915668, at *3. When the IPRs in this case are instituted, BMW AG will move again to stay this case and will have been diligent in filing an early motion to stay pending the IPRs. *Solas Oled Ltd. v. Samsung Display Co.*, No. 2:19-cv-00152-JRG, 2020 WL 4040716 at *2 (E.D. Tex. Jul. 17, 2020) (citing *e-Watch*, 2015 WL 12915668 at *3). Indeed, institution of the Asserted Patents will occur by February 2024, months before a claim construction hearing (May 2024) and the close of fact and expert discovery (July 2024, August 2024, respectively). *See* Dkt. No. 57. Thus, BMW AG will be in the position of the defendant of *e-Watch*, where the defendant had been diligent and the

8

institution decisions were significantly ahead of critical deadlines of the case, and unlike the defendant in *Solas*, where a claim construction order had issued and discovery had closed. *Solas*, 2020 WL 4040716 at *2. Accordingly, BMW AG must file the present motion in accordance with this Court's practices.

In light of this case's early stage and the fact that virtually all litigation activities still lie ahead, this factor weighs strongly in favor a stay.

### C. Factor 3: There is No Prejudice to Either Party in Staying this Case.

NorthStar will not be prejudiced by a stay. Any delay between now and the institution of the IPRs is minimal, as the institution decisions are expected within the next approximately six months. *See Neuro Cardiac Techs.*, 2018 WL 4901035 at *1 ("The PTAB must either institute or deny an *inter partes* review within six months after it sends a notice indicating that the petition has been granted a filing date."). As courts have observed, "if the PTO declines *inter partes* review, little time is lost, but if [the] PTO grants *inter partes* review, the promise is greater for an important contribution by the PTO to resolution of the governing issues in the litigation." *ACTi Corp.*, 2013 WL 6334372, at *8.

All of the Asserted Patents were issued years prior to the commencement of this litigation, and NorthStar has been actively litigating against other companies for many years, accusing various technologies of infringing various of NorthStar's patents for which it has an exclusive license. *See, e.g., NorthStar Systems LLC v. Honda Motor Co.*, 2:22-cv-00143 (E.D. Tex. May 11, 2022); *NorthStar Systems LLC v. HP Inc.*, 2:22-cv-00265 (E.D. Tex. Jul. 15, 2022). While NorthStar filed suit against ZTE Corp. as early as 2020, *NorthStar Systems LLC v. ZTE Corp.*, 2:20-cv-00386 (E.D. Tex. Dec. 15, 2020), it did not bring any action against BMW AG's vehicles until the end of 2022. In view of the years delay in pursuing action against BMW

9

AG, there is no prejudice to NorthStar by a minimal delay of 3-6 months in waiting for institution decisions that could significantly simplify, if not moot, the entire case.

Furthermore, NorthStar will not be prejudiced by a stay because it is not a competitor of BMW AG and has not sought a preliminary injunction. *See Stragent LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446, 2017 WL 3709083, at *2 (E.D. Tex. July 11, 2017) ("[D]elay is not inherently prejudicial when a party, as here, seeks only money damages and no injunctive relief."). Indeed, NorthStar does not produce any products related to navigation systems. Thus, a stay would not impact the monetary damages that NorthStar would be entitled to if it were to ultimately succeed on its purported infringement claims because the alleged harm can be rectified with damages. *SynQor, Inc. v. Vicor Corp.*, No. 2:14-CV-287-RWS-CMC, 2015 WL 12916396, at *4 (E.D. Tex. Nov. 24, 2015); *see also VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (a stay "only delays realization" of damages). And a "mere delay in collecting those damages does not constitute undue prejudice." *Armor All/STP Prod. Co. v. Aerospace Commc'ns Holdings Co.*, No. 6:15-CV-781, 2016 WL 6397269, at *2 (E.D. Tex. Oct. 28, 2016).

Moreover, the bare assertion of patent rights is "present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion." *NFC Tech.*, 2015 WL 1069111 at *2; *SSL Servs., LLC v. Cisco Sys., Inc*, No. 2:15-CV-433-JRG-RSP, 2016 WL 3523871, at *2 (E.D. Tex. June 28, 2016). Without a particularized showing of harm, "the delay inherent in granting a stay does not constitute undue prejudice." *SynQor*, 2015 WL 12916396, at *4.

Further underscoring the absence of prejudice is the fact that BMW AG promptly filed IPR petitions early in this litigation, **before or near** the initial case scheduling conference. *See*

10

*Neuro Cardiac Techs.*, 2018 WL 4901035 at *3 (finding no prejudice where petitioner filed promptly because the stay motion did not appear to be a "dilatory tactic"). BMW AG's diligence in filing the IPR petitions will prevent any undue or unnecessary delay.

Finally, even if there were some prejudice to NorthStar in granting a stay (which there is not), any delay from a stay would be reasonable because of the benefits from PTAB review. The IPR process was designed to create a more efficient, timely and cost-effective alternative to litigation. *See Lorex Canada*, 2013 WL 5425298 at *2. If any of the IPRs are instituted, they are likely to advance the case when it returns to this Court. And if none of the IPRs are instituted, then any delay will be short. Accordingly, this factor also weighs in favor of stay.

      **D.**      **Factor 4: A Stay Would Limit the Burden of Litigation on the Court and the Parties.**

A stay is also appropriate because it will reduce the burden on the parties and Court. *See, e.g.*, *CyWee*, 2019 WL 11023976 at *2 (noting that "special attention should be given to minimizing the burdens of litigation"). The substantial benefit of simplifying a majority of the issues in the case and relieving the substantial burden on the parties and Court warrants the minimal delay that is inherent in a stay. *Emp. L. Compliance, Inc. v. Compli, Inc.*, No. 3:13-CV-3574-N, 2014 WL 3739770, at *2 (N.D. Tex. May 27, 2014) ("In the event that the PTO grants [the] petition . . . continuing the litigation would result in the unnecessary duplication of efforts and expenses to resolve the same issues . . . [but] if the PTO denies the petition, the stay will be short."). Discovery requests will likely soon be served in this case, at which point there will be numerous upcoming deadlines that will require the parties and Court to expend significant amounts of time and resources in this case, particularly in comparison to the minimal investment to date.

In the next eight months alone, the parties will be required to exchange contentions and propose claim terms for construction and preliminary claim constructions. And over the next year, the parties are likely to complete the exchange of contentions, fact discovery including fact witness depositions, expert discovery including expert depositions, and all claim construction briefing. The Court is likely to engage with the parties at numerous junctures, including in preparation for a claim construction hearing and in construing the disputed claim terms. If the PTAB were to institute review of one or more of the Asserted Patents in the next four months, the result would be two parallel proceedings between the district court and PTAB that risk duplicative discovery, inconsistent claim construction rulings and unnecessary expenditures by both the parties and Court on claims that may ultimately be invalidated. *See, e.g.*, *Compli, Inc.*, 2014 WL 3739770 at *2 (describing series of wasteful and duplicative efforts that would result in a significant waste of the court's resources and time if litigation were not stayed); *see also Lorex Canada*, 2013 WL 5425298 at *2 (citing potential for unnecessary expenditures of Court and party resources if litigation were not stayed); *ACTi Corp.*, 2013 WL 6334372, at *7 (same). Granting a stay would significantly preserve judicial and litigant resources and prevent unnecessary complication of the issues in this case. *See CyWee*, 2019 WL 11023976 at *9 (citing the "possibility of inconsistent results between the administrative agency and the court" as basis for granting stay). The undue burden that would be imposed on both the parties and this Court would be easily avoided by staying the case at this juncture.

## IV.     CONCLUSION

For the reasons set forth above, BMW AG's motion to stay this case should be granted.

Dated:  August 11, 2023                    Respectfully submitted,

*/s/ Lionel M. Lavenue*

Lionel M. Lavenue
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
Phone: (571) 203-2700
Fax: (202) 408-4400

**ATTORNEY FOR DEFENDANT BAYERISCHE MOTOREN WERKE AG**

13

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendant Bayerische Motoren Werke AG have met and conferred with counsel for Plaintiff and Defendant Volkswagen AG, regarding this motion. A conference between the undersigned and Plaintiff's counsel, Vincent Rubino, was a telephonic conference on August 10, 2023. Plaintiff's counsel informed me Plaintiff opposes the motion. Plaintiff's counsel cites the Court's dismissal without prejudice of a motion pending IPRs in *Apex Beam Technologies LLC v. ZTE Corp.*, No. 2:22-cv-00031-JRG-RSP, Dkt. No. 55 (E.D. Tex. Jun. 14, 2023). BMW AG's counsel, the undersigned, noted the Court's determination of diligence by a defendant based on an early motion to stay pending IPRs that have not been instituted. *e-Watch Inc. v. Apple Inc.*, No. 2:13-cv-01061-JRG-RSP, 2015 WL 12915668, at *3 (E.D. Tex. Mar. 25, 2015). The parties have conclusively ended in an impasse, leaving an open issue for the Court to resolve. Volkswagen AG takes no position. Thus, the requirement in Local Rule CV-7(h); and (2) is met.

*/s/ Lionel M. Lavenue*
Lionel M. Lavenue

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2023, I electronically filed the foregoing Motion to Stay with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing ("NEF") to counsel of record who have appeared in this case on behalf of the identified parties.

*/s/ Lionel M. Lavenue*

Lionel M. Lavenue
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
Phone: (571) 203-2700
Fax: (202) 408-4400

**ATTORNEY FOR DEFENDANT BAYERISCHE MOTOREN WERKE AG**
