IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NORTHSTAR SYSTEMS LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00486-JRG |
| VOLKSWAGEN AG, | § § § | (LEAD CASE) |
| *Defendant*, | § § | |
| BAYERISCHE MOTOREN WERKE AG, | § § § | CIVIL ACTION NO. 2:22-CV-00496-JRG (MEMBER CASE) |
| *Defendant*. | § § | |

**MEMORANDUM OPINION AND ORDER**

## I. INTRODUCTION

Before the Court is Defendant Bayerische Motoren Werke AG's ("BMW") Motion to Dismiss Pursuant to Rules 12(b)(6) and 12(b)(7) (the "Motion"). (Dkt. No. 26.) Plaintiff NorthStar Systems LLC ("NothStar") opposes the Motion. (*See* Dkt. No. 43.) For the following reasons, the Court finds that the Motion should be **GRANTED** under 12(b)(6), and **DENIED** under 12(b)(7), and further **ORDERS** and that NorthStar be given leave to amend its complaint.

## II. BACKGROUND

NorthStar filed suit against BMW on December 27, 2022. (2:22-cv-496, Dkt. No. 1 (hereinafter, "Complaint").) The Complaint alleges that BMW directly and indirectly infringes five patents—U.S. Patent Nos. 6,898,432 (the "'432 Patent"), 8,014,943 (the "'943 Patent"), 8,032,297 (the "'297 Patent"), 8,478,527 (the "'527 Patent"), and 8,805,416 (the "'416 Patent") (collectively, the "Patents-in-Suit"). (*Id.* at ¶¶ 7–11.) The '432 Patent, and '416 Patent have expired. The Complaint only asserts infringement of method claims. (Dkt. No. 26 at 1.)

Plaintiff NorthStar is a Texas limited liability company located in Marshall, Texas. (Complaint at ¶ 1.) BMW is a German corporation based in Germany. (*Id.* at ¶ 2.) BMW of North America, LLC ("BMW NA") is a Delaware limited liability company located in Woodcliff Lake, New Jersey. (Dkt. No. 26-1 at ¶ 4.) BMW NA is a wholly but indirectly owned subsidiary of BMW. (*Id.*)

### III. LEGAL STANDARD

#### A. Motion to Dismiss

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff but is not required to accept the plaintiff's legal conclusions as true. *Id.* "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Twombly,* 550 U.S. at 555.

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss

that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

### B. Failure to Join an Necessary and Indispensable Party

"[A] Rule 12(b)(7) analysis entails two inquiries under Rule 19." *H.S. Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). First, the Court must determine under Rule 19(a) whether a person should be joined to the lawsuit. *Id.* "If joinder is warranted, then the person will be brought into the lawsuit." *Id.* "But if such joinder would destroy the [C]ourt's jurisdiction, then the Court turns to Rule 19(b) and determines "whether to press forward without the person or to dismiss the litigation." *Id.*

A party is necessary under Rule 19(a)(1) if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
    (i) as a practical matter impair or impede the person's ability to protect the interest; or
    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

## IV. ANALYSIS

### A. Motion to Dismiss

#### i. Direct Infringement

BMW argues that the Complaint is threadbare, reciting nothing more than the asserted claim language. (Dkt. No. 26 at 7–14.) Further, BMW argues that cases alleging infringement of a software patent must meet a higher pleading standard and that NorthStar has not meet this

standard. (*Id.* at 14–16 (citing *Effectively Illuminated Pathways LLC v. Aston Martin Lagonda of North America, Inc.*, 2011 WL 13223466, at *3 (E.D. Tex. Sep. 29, 2011) ("[c]ases involving more nebulous, less tangible inventions such as computer software methods require a greater degree of specificity to put the defendant on notice.")).) BMW also argues that NorthStar has not alleged *how* BMW uses the method claims. (*Id.* at 16–18.)

In response, NorthStar argues that its allegations are sufficient to put BMW on notice of the Patents-in-Suit and how BMW's products infringe, and that there is no heightened pleading standard. (Dkt. No. 43 at 6–8.) NorthStar further argues that BMW uses the technology by testing and troubleshooting performed in the United States and loading the software onto its vehicles. (*Id.* at 9–10, n. 4.)

In reply, BMW points out that NorthStar effectively acknowledges that it did nothing more than parrot the claim language with respect to the '416 and '432 Patents. (Dkt. No. 49 at 2.) Further, BMW argues, NorthStar's allegations for the '943, '527, and '297 Patents are deficient because the screenshots accompanying the allegations have no explanation. (Dkt. No. 49 at 3–5.) Additionally, BMW argues, the allegations for the '943, '527, and '297 Patents are deficient because NorthStar fails to identify any accused products with sufficient specificity. (*Id.* at 5.) BMW also argues that none of the facts now argued by NorthStar are in its Complaint. (*Id.* at 7–8.)

NorthStar argues in sur-reply that all of its allegations are sufficient to put BMW on notice. (Dkt. No. 52 at 1–3.) NorthStar also argues that it has identified the Accused Products with sufficient specificity. (Dkt. No. 52 at 3–4.)

The Court finds that the Complaint is deficient to some degree. As a preliminary matter, NorthStar does not allege **how** BMW uses the inventions claimed in the Patents-in-Suit. However,

NorthStar asserts that BMW uses the Patents-in-Suit by testing and troubleshooting the accused features in the United States. (Dkt. No. 43 at 9–10, n. 4.) These factual allegations do not appear to be in the Complaint but would cure this deficiency if they were. Accordingly, providing leave to amend the Complaint is appropriate.

Moreover, NorthStar's factual allegations of infringement are thin. NorthStar does little more than parrot the claim language. NorthStar breaks out the elements of the claims, copies them to the Complaint, and prepends language to the effect of "The BMW Navigation System performs the step of …." There should be more than the claim language presented this way.

Nonetheless, the Court finds that NorthStar has largely identified the accused products with sufficient specificity. Alleging that the "BMW Navigation System" is infringing is sufficient to put BMW on notice of the class of products that may be infringing. BMW does not allege that there are a large number of various unnamed products that may be infringing.

Given that the Court is granting leave to NorthStar to amend, the Court need not presently address whether there is a heightened pleading standard for software claims.

## ii.   Indirect Infringement

BMW argues that to sufficiently allege induced infringement, NorthStar must plausibly allege (1) that BMW has caused or encouraged activity that in fact directly infringes; (2) that BMW knew of the patent and that the acts in question would infringe; and (3) that BMW specifically intended to encourage the third party's infringement. (Dkt. No. 26 at 18–19 (citing *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301 (Fed. Cir. 2012)).) BMW then argues that (1) NorthStar does not allege *how* BMW has caused or encouraged activity that infringes, (2) NorthStar has failed to allege facts sufficient to show that BMW AG had pre-suit knowledge of

5

the Patents-in-Suit, and (3) NorthStar has not alleged facts sufficient to plead that BMW had the requisite specific intent. (Dkt. No. 26 at 19–20.)

In response, NorthStar argues that BMW had the requisite intent because NorthStar pled that BMW has had knowledge of the Patents-in-Suit and has at least been willfully blind to them. (Dkt. No. 43 at 11.) Further, NorthStar argues, BMW has published manuals directing customers and end-users to directly infringe the Patents-in-Suit. (*Id.*) NorthStar urges that upon taking these facts together, it is reasonable and plausible to infer that BMW specifically intended to induce its customers to infringe the Patents-in-Suit. (*Id.* at 12.) Moreover, NorthStar argues that it has sufficiently pled pre-suit knowledge for the expired and unexpired Patents-in-Suit. (*Id.* at 12–15.)

BMW and NorthStar re-urge essentially the same arguments in reply and sur-reply, respectively, and to little additional effect. (*See* Dkt No. 49 at 8; Dkt. No. 52 at 6–7.)

The Court finds that NorthStar has inadequately pled indirect infringement. First, NorthStar has not sufficiently pled that BMW has caused or encouraged infringing activity. NorthStar argues that BMW encouraged end-users to infringe by publishing manuals that instruct the end-users on how to infringe, but these arguments are just that, arguments. (Dkt. No. 43 at 11.) There should be more corresponding factual allegations in the Complaint to provide BMW with adequate notice.

However, the Court finds that NorthStar has adequately pled that BMW knew of the Patents-in-Suit. NorthStar alleged that BMW was willfully blind to the Patents-in-Suit (*id.*), and "willful blindness can satisfy the knowledge requirement for active inducement under § 271(b) (and for contributory infringement under § 271(c)), even in the absence of actual knowledge." *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016). Further, BMW knew of the unexpired Patents-in-Suit at least as early as the filing of the Complaint, which is sufficient to survive a motion to dismiss. *See Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*,

6

No. 2:15-CV-1202-WCB, 2016 WL 1643315, at *4 (E.D. Tex. Apr. 26, 2016). Further, NorthStar has sufficiently pled pre-suit knowledge for the expired Patents-in-Suit. NorthStar alleges in the Complaint that BMW had pre-suit knowledge of the Patents-in-Suit via industry publication. (Complaint at ¶ 16, n. 1.) The Court finds that it is plausible that BMW had knowledge of the Patents-in-Suit via industry publication. It is highly likely that a large corporation, like BMW, would keep abreast of its competitor's legal affairs, including whether or not they were sued for patent infringement. The inadequacies of NorthStar's pleading noted above can be readily cured by amendment, which the Court authorizes.

### B. Necessary and Indispensable Party

BMW argues that BMW NA is a necessary party and indispensable party, such that it must be joined, but that BMW NA is not subject to venue in the Eastern District of Texas so BMW NA cannot be joined, and thus the case must be dismissed. (Dkt. No. 26 at 20–22.) NorthStar contends that BMW NA is not a necessary or indispensable party, but does not dispute that BMW NA is not subject to venue in this District. (Dkt. No. 43 at 15–17, n. 9.) Accordingly, the gravamen of the dispute is whether or not BMW NA is a necessary and indispensable party in this case.

BMW argues that BMW NA is a necessary and indispensable party because BMW NA has "explicitly claimed an interest relating to this action and its interests would be impaired if this action were to be decided without its presence." (Dkt. No. 26 at 20–21.) BMW contends that a judgement against BMW would amount to a judgment against BMW NA, and would affect BMW NA's rights to the extent it performs allegedly infringing activities. (*Id.* at 21.) Moreover, BMW argues, BMW NA is the principal actor and thus must be joined. (*Id.* (citing *Dernick v. Bralorne Res., Ltd.*, 639 F.2d 196, 199 (5th Cir. 1981)).)

In response, NorthStar argues that tortfeasors need not be sued jointly. (Dkt. No. 43 at 15–16 (citing *Akoloutheo, LLC v. Sys. Soft Techs., Inc.*, No. 4:20-cv-985, 2021 WL 1947343 (E.D. Tex. May 14, 2021) ("It is well-settled that joint tortfeasors are not considered 'required' or indispensable parties under Rule 19.")).) Further, NorthStar contends that its allegations are solely against BMW, not BMW NA. (*Id.* at 16.)

BMW argues in reply that "a judgment would preclude [BMW NA] from enforcing [its] rights or injuriously affect [it]" because a judgment would implicate BMW NA's rights to sell and import BMW products. (*See* Dkt. No. 49 at 9 (quoting *Innovative Display Techs. LLC v. Microsoft Corp.*, 2014 WL 2757541 at *2 (E.D. Tex. June 17, 2014). Also, BMW again re-urges that BMW NA undertakes the alleged infringing activity, not BMW. (*Id.* at 10.)

NorthStar argues in sur-reply that the Court has previously recognized the right of a plaintiff to bring separate infringement actions against related foreign and domestic entities. (Dkt. No. 52 at 7–8 (citing *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG, et al.*, Case No 2:21-cv-00172, Dkt. 200 (E.D. Tex. Dec. 14, 2022)).)

The Court finds that BMW NA is neither a necessary nor indispensable party. Federal Rule of Civil Procedure 19(a)(1) how and when when a party is required. BMW does not claim that in BMW NA's absence the Court "cannot accord complete relief among the existing parties." *See* Rule 19(a)(1)(A). However, while not stated clearly, BMW does appear to be arguing that BMW NA is a required party under Rule 19(a)(1)(B)(i). To succeed on this, BMW must show that "[BMW NA] claims an interest relating to the subject of the action and is so situated that disposing of the action in [BMW NA's] absence may: as a practical matter impar or impede [BMW NA's] ability to protect [its] interest." *Id.*

8

BMW asserts that BMW NA claims an interest in the above-captioned litigation, and NorthStar does not argue otherwise. (*See* Dkt. No. 26 at 20–21.)

The Court is not convinced that disposing of the action in BMW NA's absence would impair or impede BMW NA's ability to protect its interest. This is for the simple reason that BMW NA is a wholly-owned subsidiary of BMW, so the interests of these two entities align. In other words, BMW will adequately protect the interests of BMW NA. *See Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*, 932 F.3d 843, 852 (9th Cir. 2019) ("As a practical matter, an absent party's ability to protect its interest will not be impaired by its absence from the suit where its interest will be adequately represented by existing parties to the suit." (quoting *Alto v. Black*, 738 F.3d 1111, 1127 (9th Cir. 2013))); *Lee v. Anthony Lawrence Collection, L.L.C.*, 47 F.4th 262, 268 (5th Cir. 2022) (citing *Dine Citizens*, 932 F.3d 843 with approval in other respects). Further, BMW's speculation as to the predicted effects of going forward without BMW NA is just that—speculation. Such is inadequate to invoke Rule 19(a)(1)(B)(i).

BMW relies on *Dernick* to compel an opposite result, but *Dernick* is distinguishable. 639 F.2d 196. There, the Fifth Circuit found that when "the subsidiary was the primary participant in the events giving rise to the lawsuit," "[f]ailure to join the subsidiary in such circumstances would be improper." *Id.* at 199. While, BMW argues that BMW NA has acknowledged in a parallel proceeding that it is the primary actor with respect to the allegedly infringing activities (Dkt. No. 26 at 21), the Court finds that NorthStar has not accused BMW NA of any infringing activities. The Plaintiff has accused only BMW. (*See* Complaint.) Accordingly, BMW NA is not a necessary party under *Dernick*.

BMW further relies on *Freeman v. Nw. Acceptance Corp.* to compel an opposite result, but *Freeman* is distinguishable for many of the same reasons that *Dernick* is distinguishable. 754 F.2d

9

553 (5th Cir. 1985). There, the plaintiffs sued a parent company for conversion, but not its wholly-owned subsidiary, and "the conduct complained of was that of [the] wholly-owned subsidiary." *Id.* at 555. In holding that it would be improper to fail to join the subsidiary, the Fifth Circuit reasoned that the subsidiary must be joined because it "was more than an active participant in the conversion alleged by the [plaintiffs]; it was the primary participant." *Id.* at 559. However, as discussed above, NorthStar has not accused BMW NA of *any* infringing activities. Accordingly, while BMW NA may wish to "take the fall" and be considered the primary participant (so it may pave the way for BMW to defeat venue), its wishes do not change the text of the Complaint, which clearly accuses only BMW, and not BMW NA. BMW NA is not the primary participant here such that failure to join them in this action would be improper.

## V. CONCLUSION

For the foregoing reasons, the Court finds that the Motion (Dkt. No. 26) should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART**. Specifically, the Court **GRANTS** the Motion under 12(b)(6) as noted above and **DENIES** the Motion under 12(b)(7) for all purposes.

Further, and in light of these rulings, the Court **ORDERS** that NorthStar is given leave to amend its Complaint to address its pleading shortcomings as discussed above. Any such amended complaint, filed for such purpose, must be filed within 14 days from this date.

**So ORDERED and SIGNED this 5th day of September, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE